**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

      **vs.**                          **Criminal Action 2:13-cr-289
Judge Smith**

**JOSEPH L. DENNIS**

### REPORT AND RECOMMENDATION

    The United States of America and defendant Joseph L. Dennis entered into a plea agreement whereby defendant agreed to enter a plea of guilty to the lesser included offense of Count One of the *Indictment*, *i.e.*, conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846.  On April 15, 2014, defendant, accompanied by his counsel, appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

    During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

    Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant

understands the nature and meaning of the charge returned against him
in the *Indictment* and the consequences of the plea to the lesser
included offense of Count One of the *Indictment*.  Defendant was also
addressed personally and in open court and advised of each of the
rights referred to in Rule 11 of the Federal Rules of Criminal
Procedure.

Having engaged in the colloquy required by Rule 11, the Court
concludes that defendant's plea is voluntary.  Defendant acknowledged
that the plea agreement signed by him, his attorney and the attorney
for the United States and filed on March 26, 2014, represents the only
promises made by anyone regarding the charge in the *Indictment*.
Defendant was advised that the District Judge may accept or reject the
plea agreement and that, even if the Court refuses to accept any
provision of the plea agreement not binding on the Court, defendant
may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the
statement of facts supporting the lesser included offense.  He
confirmed that he is pleading guilty to the lesser included offense of
Count One of the *Indictment* because he is in fact guilty of that
offense.  The Court concludes that there is a factual basis for the
plea.

The Court concludes that defendant's plea of guilty to the lesser
include offense of Count One of the *Indictment* is knowingly and
voluntarily made with understanding of the nature and meaning of the
charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to the
lesser included offense of Count One of the *Indictment* be accepted.
Decision on acceptance or rejection of the plea agreement was deferred
for consideration by the District Judge after the preparation of a
presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly
agreed to by defendant through counsel, a written presentence
investigation report will be prepared by the United States Probation

Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,*  638 F.2d 947 (6th Cir. 1981).

April 15, 2014                          *s/  Norah McCann King*
 Date                                   Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge